# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FISHERIES SURVIVAL FUND,** *et al.* ) | |
| Plaintiffs, ) | |
| v. ) | Civ. No. 1:16-cv-02409 TSC |
| **RYAN ZINKE,** *et al.* ) | |
| Defendants ) | |
| and ) | |
| **STATOIL WIND US LLC,** ) | |
| Defendant-Intervenor ) | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs Fisheries Survival Fund, the Borough of Barnegat Light, NJ, The Town Dock, SeaFreeze Shoreside, Sea Fresh USA, Rhode Island Fishermen's Alliance, Garden State Seafood Association, Long Island Commercial Fishing Association, the Town of Narragansett, Rhode Island, the Narragansett Chamber of Commerce, the City of New Bedford, Massachusetts, and the Fishermen's Dock Co-Operative of Point Pleasant (NJ) (collectively, "Plaintiffs"), by and through their undersigned attorneys, hereby submit as supplemental authority the December 14, 2018 notice from Defendant the U.S. Department of the Interior and the Bureau of Ocean Energy Management ("BOEM") regarding recent offshore wind leases ("December 14, 2018 BOEM Notice") (attached hereto as "Exhibit A").[1]  The December 14, 2018 BOEM Notice identifies

---

[1] Also available at https://www.doi.gov/pressreleases/bidding-bonanza-trump-administration-smashes-record-offshore-wind-auction-405-million (last accessed December 21, 2018).

three new leases for offshore wind energy development, each of which was purchased by the winning bidder for approximately $135 million.

This Notice further demonstrates that much more is at stake in a wind energy lease than merely "determin[ing] whether the site is suitable" for a wind farm.  Memorandum Opinion (Dkt. 57) ("Opinion") at 20; *see also* Plaintiffs' Motion to Alter or Amend Judgment (Dkt. 61) at 7.  Not only have states and utilities concluded that wind farm development is so foreseeable as a result of BOEM's issuance of a lease that they are now irretrievably relying on these leases for securing a substantial portion of their long-term renewable energy needs, *see generally* Motion to Alter or Amend Judgment (Dkt. 61), but three separate private developers have also concluded the development of a revenue-generating wind farm is so foreseeable they are willing to pay ***$135 million apiece*** at auction for a lease alone.  BOEM's attempt to downplay the significance of wind energy leases as essentially unilaterally terminable by agency *fiat* has been once again contradicted by the invested and interested parties' actions.  BOEM, private developers, states and utilities all treat these leases as representing a substantial likelihood that they will result in an operational wind farm on the leased area, and Plaintiffs request the Court consider this evidence in considering whether wind farm development is a "foreseeable consequence" of lease issuance.

*   *   *   *

Dated: December 21, 2018                    Respectfully submitted,

/s/ David E. Frulla

David E. Frulla (D.C. Bar No. 414170)
Andrew E. Minkiewicz (D.C. Bar No. 981552)
Elizabeth C. Johnson (D.C. Bar No. 987429)

KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
dfrulla@kelleydrye.com
aminkiewicz@kelleydrye.com
ejohnson@kelleydrye.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of December, 2018, I caused the foregoing to be filed on the Court's CM/ECF system, which will electronically serve counsel for Defendants, Defendant-Intervenor, and *Amicus Curiae* in this case.

     /s/  David E. Frulla
    David E. Frulla

    *Attorney for Plaintiffs*